IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELISSA M. SMITH,

          Plaintiff,

vs.                                        Case No. 2:14-cv-01073-MCA-WPL

FARMERS INSURANCE COMPANY OF ARIZONA,

          Defendant.

**MOTION TO CERTIFY QUESTION TO THE SUPREME COURT OF NEW MEXICO**

Under the New Mexico Insurance Code Trade Practices and Frauds Section 59A-16-30

Any person covered by Chapter 59A, Article 16 NMSA 1978 who has suffered damages as a result of a violation of that article by an insurer or agent is granted a right to bring an action in district court to recover actual damages. Costs shall be allowed to the prevailing party unless the court otherwise directs. The court may award attorneys' fees to the prevailing party if:

    A. the party complaining of the violation of that article has brought an action that he knew to be groundless; or

    B. the party charged with the violation of that article has willfully engaged in the violation.

The relief provided in this section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this state; provided, however, that the Workers' Compensation Act [52-1-1 NMSA 1978] and the New Mexico Occupational Disease Disablement Law provide exclusive remedies.

In *Hovet* the New Mexico Supreme Court extended the right to sue insurance companies for failure to effectuate prompt settlement to third parties based on its interpretation of Section 59A-16-30. The Court held that "when members of the driving public are twice made victims,

first by the actionable negligence of an insured driver and then by an insurance company's intransigence, then these victims will not be abandoned without a remedy." *Hovet v. Allstate*, 2004-NMSC-010, ¶ 22. The purpose behind the Insurance Code is to promote ethical settlement practices in the insurance industry. *See Hovet v. Allstate*, 2004-NMSC-010, 135 N.M. 397, 89 P.3d 69. In determining that a third party had the right to sue, the Court found that prior judicial determination of the insured's fault and amount of damages in the underlying negligence action was a precondition to the third party bad faith action against the insurance company.

Melissa Smith was involved in an auto accident when Janet Garcia, insured by the Defendant Farmers Automobile Insurance of Arizona (herein "Farmers"), rear-ended her vehicle on April 23, 2012 in Silver City, New Mexico. Liability on behalf of Garcia was immediately known as she was cited for careless driving, and Farmers also made a determination of 100% liability. Despite, determining that its insured was 100% liable for the damages incurred by Melissa Smith (vehicle property damages and personal injury damages) Farmers refused to settle the personal injury claim with Melissa Smith.

Melissa Smith was forced to try her case in the Third Judicial District Court, where the jury returned a 100% at fault verdict against Garcia and Farmers paid a total of $15,526.59 in damages and costs. Under *Hovet*, in order to sue Farmers for bad faith, Melissa Smith first must have a finding of liability on behalf of Farmers' insured, which she obtained at trial. Despite providing a third party the right to sue an insurance company for bad faith in *Hovet*, the New Mexico Supreme Court specifically failed to definitively determine whether a third party suing under *Hovet* and 59A-16-30 was entitled to a punitive damages instruction for the insurance company's bad faith in failing to settle their claim.

Melissa Smith moves this Court to certify this question to the New Mexico Supreme Court:

1. In the subsequent bad faith action pursuant to *Hovet* and NMSA 1978, Section 59A-16-30 is a party entitled to a punitive damages instruction when the insurance company acted in bad faith?

**I. FACTS**

1. Melissa Smith was involved in a motor-vehicle accident on April 23, 2012, when Janet Garcia (insured with Farmers) rear-ended her at a stop light in Silver City, New Mexico.

2. Melissa Smith's vehicle had damages and she had personal injury damages related to the crash.

3. Farmers determined that Janet Garcia was 100% liable for the accident on May 1, 2012.

4. Despite making a determination of 100% liability on behalf of its insured, Farmers refused to settle the personal injury claims for damage incurred as a result of the accident by Melissa Smith.

5. Melissa Smith attempted to settle her personal injury claims between April 23, 2012 (accident date) and August 11-12, 2014 (jury trial dates), in which Farmers failed to make a single settlement offer.

6. Melissa Smith pursued her personal injury claim against Janet Garcia in the Third Judicial District Court.

7. Farmers alleged at trial, that its insured, Janet Garcia was not liable for the accident or the injuries Melissa Smith incurred, despite (1) its own internal investigation finding she was 100% negligent and (2) Janet Garcia's own admissions under oath that she was at fault for the accident.

8. A jury found Janet Garcia 100% liable for the accident and the injuries incurred by Melissa Smith.

Supreme Court of New Mexico
Page 3 of 9*

9. After obtaining her jury verdict, Melissa Smith proceeded to sue Farmers for failing to promptly and efficiently settle her personal injury claims against its insured, after liability was reasonable clear.

10. Melissa Smith seeks damages: actual, attorney's fees and punitive damages against Farmers for purposeful conduct in failing to timely settle her personal injury claim once Farmers found liability on behalf of its insured.

## II. THE COURT SHOULD CERTIFY THE QUESTION PRESENTED

To decide this motion, the Court should look both to the Tenth Circuit, to determine whether certification is appropriate, and to the New Mexico Supreme Court, to determine whether certification would be efficacious in light of how the Supreme Court determines if it will accept certification.

### A. The Questions Meet the Tenth Circuit's Standards for Certification

Federal courts considering questions of state law that have not been answered by the state's highest court must determine how the state court would decide the issue by considering relevant state court decisions, the decisions of other states, federal decisions, and the general weight and trend of authority. It is within this Court's discretion to determine whether certification is appropriate.

When important and close questions of state legal policy arise, certification may "in the long run save time, energy, and resources and help[ ] build a cooperative judicial federalism." *Larrieu v. Best Buy Stores,* L.P., 491 Fed. Appx. 864, 865 (10th Cir. 2012) *quoting Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S. Ct. 1741, 40 L. Ed. 2d 215 (1974). Certification in these circumstances "give[s] meaning and respect to the federal character of our judicial system, recognizing that the judicial policy of a state should be decided when possible by state . . . courts."

*Pino v. United* States, 507 F.3d 1233, 1236 (10th Cir. Okla. 2007). The Tenth Circuit has indicated that "[c]ertification is within the sound discretion of the federal court and is appropriate when it will conserve time, energy, and resources of the parties as well as of the court itself." *Hartford Ins. Co. of the Midwest v. Cline*, 427 F.3d 715, 716-17 (10th Cir. 2005)(citation and internal quotation marks omitted). The Tenth Circuit has further explained that "[c]ertification is particularly appropriate where the legal question at issue is novel and the applicable state law is unsettled." *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990).

In this case certification is the proper course because the guiding principle on certification is whether "the legal question at issue is novel and the applicable state law is unsettled." The question presented here easily meets these standards, because as the Court noted in *Hovet*, they did not reach the issue of whether persons using under *Hovet* claim were entitled to a punitive damage instruction given that the issue was not fully briefed in when *Hovet* was pending before the Court. *See Hovet v. Allstate*, 2004-NMSC-010, 89 P.3d 69.

The question of whether or not a third party insured is entitled to punitive damages under a theory of bad faith by the insurance company to settle once liability is reasonably clear is a question of first impression in New Mexico. The only case dealing with this, *Hovet*, specifically failed to reach this issue, noting, "although plaintiffs and their amicus curiae ask us to conclude that punitive damages can be recovered for violations of the unfair claims practices section, ***we leave that questions undecided at this time because of the lack of an opportunity for full briefing on this subject.***" *Hovet*, at ¶ 28 (emphasis added). On these issues, Plaintiff incorporates here by reference the arguments made in her Response to Defendant's Motion for Partial Summary Judgment filed contemporaneously with this Motion. The question of whether punitive damages are allowable in a third party claim against an insurance company for failure to promptly settle

once liability is reasonable clear is an important issue that needs to be decided under New Mexico law.

### B. The New Mexico Supreme Court Would Likely Accept Certification of the Question Presented.

The New Mexico Supreme Court accepts certification pursuant to NMSA 1978, Section 39-7-4. That provision reads, in its entirety:

> **The supreme court of this state may answer a question of law certified to it by a court of the United States or by an appellate court of another state, a tribe, Canada, a Canadian province or territory, Mexico or a Mexican state if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision or statute of this state.**

In *Schlieter v. Carlos*, the New Mexico Supreme Court described in greater detail the circumstances under which it would accept certification of questions from federal district courts. The Court noted that "we by and large have limited our acceptance of certifications prior to judgment to those cases in which there is no dispute over the factual predicates to the Court's determination of the questions certified, and our answer either disposes of the entire case or controversy, or disposes of a pivotal issue that defines the future course of the case." *Schlieter v. Carlos*, 1989-NMSC-037, ¶ 5, 108 N.M. 507, 775 P.2d 709.

Describing certifications from federal district courts as akin to requests for interlocutory appeal, the Court applied the interlocutory appeal standard, which "turns on whether a substantial ground exists for a difference of opinion on the question and whether its resolution may materially advance the ultimate termination of the litigation." *Schlieter*, 1989-NMSC-037, ¶ 14. The Court also noted that "the degree of uncertainty in the law and prospects for judicial economy in the termination of the litigation are considered in deciding whether to accept pretrial certification from federal court." *Id.* Finally, the Court added to the interlocutory appeal criteria "that in all

certifications the issue should present a significant question of the law under the New Mexico Constitution or be one of such substantial public interest that it should be determined by this Court." *Id.*

The issues upon which Melissa Smith seeks meet these standards. There are not factual disputes regarding the underlying liability of Farmers' insured and essential the dispute is whether or not Plaintiff is entitled to punitive damages. Accordingly, plaintiff asks for submission of certification with a statement setting forth these facts.

Second, resolution of the question presented would materially advance the litigation. If the Supreme Court were to hold that punitive damages are allowed under a *Hovet* cause of action, then the parties only dispute would be on the measure of damages awarded to Plaintiff.

Third, given the Court's failure to reach the issue of punitive damages in *Hovet*, resolution of this issue would definitively answer this question that will continue to be unresolved until the Supreme Court makes a final determination.

Finally, the question Plaintiff seeks to certify present an issue of substantial public importance. The policy behind the Insurance Code coupled with the Court's reasoning in *Hovet* demonstrates that the public policy of New Mexico in protecting third parties in dealing with insurance companies and requiring that insurance companies in good faith effectuate prompt and equitable settlements when liability is reasonably clear. *See Hovet.* New Mexico's Courts and Legislature enacted the Insurance Code to regulate trade practices in the insurance business. Coupled with the fact that New Mexico mandates that all drivers have insurance in New Mexico this demonstrates a further policy that drivers in New Mexico are dealt with in good faith by insurance companies. Given that common law insurance bad faith allows for punitive damages and the Insurance Code mandates a standard of good faith in which an insurance must treat third

parties, it is of significant importance that the question of whether punitive damages be allowed when insurance company fail to act in good faith in dealing with third parties. This question is properly dealt with in New Mexico is one properly addressed by the New Mexico Supreme Court.

Plaintiff conferred with Defendant prior to filing this motion and Defendant opposes this motion.

For the foregoing reasons, Melissa Smith respectfully requests that the Court enter an Order certifying the question presented to the New Mexico Supreme Court for decision pursuant to NMSA 1978, § Section 59A-16-30 and *Hovet*.

Respectfully submitted,

By: */s/ Jerome O'Connell*
Jerome O'Connell
Lilley & O'Connell, P.A.
1020 S. Main St.
Las Cruces, NM  88005

David Houliston
Law Office of David M. Houliston
500 Tijeras NW
Albuquerque, NM  87102

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the __23__ day of September 2016, a copy of the foregoing was electronically filed though the CM/ECF system, which caused the following participating CM/ECF counsel to be served with same by electronic means:

Courtenay L. Keller
Riley, Shane & Keller, P.A.
3880 Osuna Road NE
Albuquerque, NM 87109
*Attorney for Defendant*

                                               */s/ Jerome O'Connell*
                                               Jerome O'Connell