IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MELISSA M. SMITH,**
        **Plaintiff,**

vs.                                                               Case No. 2:14-cv-01073-MCA-WPL

**FARMERS INSURANCE COMPANY OF ARIZONA,**
        **Defendant.**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLAIMS FOR PUNITIVE DAMAGES, VIOLATION OF THE UPA, AND UNDER SECTION 39-2-1 DAMAGES

Plaintiff, Melissa Smith, by and through counsel, Lilley & O'Connell, P.A. (Jerome O'Connell, Esq.) and Law Offices of David M. Houliston (David M. Houliston, Esq.) hereby files her Response to Defendant Farmers Insurance Company of Arizona ("Farmers") Motion for Partial Summary Judgment as follows:

### BACKGROUND

Plaintiff Melissa Smith was injured in an automobile accident occurring on April 23, 2012 in which Janet Garcia, who was insured by Farmers at the time of the accident, rear-ended Plaintiff's vehicle at a stop light in Silver City, New Mexico. The Uniform Crash Report of the accident (No. 23249656) specifically denoted the front of Ms. Garcia's vehicle collided with the rear of Plaintiff's vehicle and that Ms. Garcia was inattentive and was cited for careless driving. Prior to the filing of Plaintiff's lawsuit, Farmers inspected Plaintiff's vehicle and Farmers issued payment to Plaintiff for property damages to her vehicle. Farmers issued the property damage payment to Plaintiff because it concluded its insured, Ms. Garcia, was at fault for causing the accident and the damages to Plaintiff's vehicle.

Additionally, prior to filing her lawsuit, Plaintiff provided information to Farmers about her injuries, which included medical records and billings as a result of the accident which were approximately $8,700.00. Plaintiff requested that Farmers settle her personal injury claim because it was reasonable clear that Ms. Garcia caused the accident and was liable for her damages and injuries. Despite Farmers having a duty to promptly settle Plaintiff's personal injury claim (not only to its insured but to third parties) as the liability of its insured in causing the accident was reasonably clear, (and in fact Farmers' had determined Janet Garcia was 100% at fault) Farmers refused to settle Plaintiff's personal injury claim. Farmers refusal to make any effort to settle Plaintiff's personal injury claim was an intentional violation of its duties under the New Mexico Insurance Code and intentional violation of unfair settlement practices.

Plaintiff filed suit on November 13, 2012 because Farmers refused to settle her personal injury claims as a result of the accident. Plaintiff was forced to litigate her claim for the next year and half, including engaging in written discovery, depositions, motions practice, and attending Court hearings and ultimately a jury trial. Plaintiff tried her case on August 11th and 12th of 2014 and presented proof the accident was caused by the negligence of Ms. Garcia, the injuries she suffered as a result of the accident, and the medical care she obtained as a result, along with its associated medical costs.

Farmers continued its bad faith failure to settle into trial in which Farmers refused to concede its insured was negligent and, notwithstanding a responding police officer's testimony regarding Ms. Garcia being liable and the fact Ms. Garcia admitted under oath at trial she was at fault for rear-ending Plaintiff's vehicle and in causing the accident. And further, that Farmers' own investigation into the accident concluded that Ms. Garcia was 100% negligent. The jury returned a verdict that Farmers' insured was one hundred percent (100%) responsible for the

accident and awarded Plaintiff nine thousand five hundred twenty-six dollars and fifty-nine cents ($9,526.59) in damages and $6,000.00 for her costs.

## **DISPUTED MATERIAL FACTS**

Summary judgment will not lie if the dispute about a material fact is genuine: if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When reviewing a summary judgment motion, the court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). Though Defendant's Undisputed Material facts are mostly accurate, Defendant's Motion for Summary Judgment is premature and fails to take into account that discovery is largely incomplete, no depositions have been taken, Defendant has failed to disclose the amount held in reserve for this claim, and failed to include many additional other key facts that go to the heart of the issue of whether or not Defendant acted in good faith in making settlement offers to Plaintiff after liability was clear. Importantly, Defendant also fails to include undisputed material facts that undermine its claim of punitive damages not being available to Hovet plaintiffs. The issue of whether or not Plaintiff is entitled to a punitive damages instruction in this matter is a legal issue that requires this Court to determine whether under New Mexico law a third party is allowed to recover punitive damages in bad faith actions against insurance companies—a question that ***has not*** been definitively answered. In sum, Defendant's summary judgment motion must fail because (1) Defendant's motion is premature—discovery on the key facts has not been answered (2) New Mexico Courts have not determined whether a third party insured is entitled to punitive damages under a *Hovet* claim (3) Defendant undisputed material facts are incomplete.

1. Plaintiff disputes Defendant's undisputed Material Fact No. 1. Janet Garcia rear-ended Plaintiff Melissa Smith at a stop light in Silver City, New Mexico on April 23, 2012. Janet Garcia was cited for inattentive and careless driving for causing the accident. *See Exhibit 1.*

2. Plaintiff disputes Defendant's disputed Material Fact No. 5. The jury returned a verdict finding Defendant Janet Garcia 100% liable for the auto accident, and 100% at fault. *See Exhibit 2.*

### Additional Undisputed Material Facts

Farmers intentionally fails to include the following Undisputed Material Facts in an attempted to inaccurately represent the material facts before the Court in deciding this issue.

1. Plaintiff incurred bodily injuries as a result of her collision with Janet Garcia in the amount of $8700.00. *See Exhibit 3.*

2. On May 1, 2012, Farmers determined that Janet Garcia was 100% at fault for the accident. *See Exhibit 4.*

3. Despite knowing and determining its insured was wholly liable for the accident, Farmers failed to attend the first court ordered mediation in the underlying case and, after being ordered (again) to attend mediation, Farmers subsequently advised Plaintiff and the mediator, Denise Torrez, Esq., it would only extend an offer of $1,000. *See Plaintiff's First Amended Complaint.*

4. Prior to trial, Melissa Smith filed a Rule 1-068 Offer of Settlement for $15,000.00. *See Exhibit 5.*

5. Farmers rejected Plaintiff's settlement offer and renewed its offer to Melissa Smith prior to trial of $1,000.00. *See Exhibit 6*

6. Farmers never disclosed to Plaintiff Melissa Smith that their own internal findings were that Janet Garcia was 100% liable. *See Exhibit 4.*

7. Despite Farmers insured being 100% liable by Farmers own findings, they refused to stipulate to liability and had a jury trial on both liability and damages. *See Exhibit 4.*

8. Farmers hired a "biomechanical expert", Mr. Ron Feder, and paid him to testify that people involved in "low speed" automobile accidents (meaning those in the 2.5 to 5 Delta V range) do not suffer injuries. *See Exhibit 7.*

9. Farmers retained Mr. Feder to give an opinion on "biomechanics" despite Farmers knowing Mr. Feder had no formal training in biomechanics, and he was disqualified from testifying on biomechanics at trial. *See Exhibit 8.*

10. Defendant Farmers has refused to disclose what amount was held in reserve for this accident, which are critically important to a determination of whether Farmers adjusted the claim in accordance with it duties and which is the subject a pending motion to compel. *See Exhibit 9.*

## **LEGAL ARGUMENT**

Farmers Motion for Summary Judgment is a misguided attempt to couch the *Hovet* decision as relying on a purely statutory right of third party insureds claim to bad faith damages and therefore its remedies are strictly limited to statutory remedies. While this is a novel theory and particularly helpful interpretation to Farmers' position it is inconsistent with *Hovet*, our Courts and the purpose behind bad faith lawsuits and the remedies afforded to those seeking remedy based on a bad faith cause of action.

*Hovet* allows for a third parties to sue insurance companies under the Unfair Claims Practices Section of the Insurance Code. In reaching that decision, the Supreme Court

interpreted the statute to provide for a third party claim given Legislative intent, precedent and public policy—particularly in light of statutory silence on the issue. *See Hovet v. Allstate Insurance Company*, 2004-NMSC-010, 135 N.M. 397, 89 P.3d 69. ("[W]e believe the Legislature intended to provide a statutory cause of action under the Insurance Code to third party claimants...We also conclude that precedent and public policy fully support such an action.") Given that the Court found that the right of third parties to sue insurers under the Unfair Claim Practices Section of the Insurance Code by implying a private right from legislative silence the Court's finding of such right is based on statutory right but is also based on a quasi-common law right. *See Hovet*, 2004-NMSC-010.

While the statutory language does not specifically state that a "third party" has the right to sue, the Court found that the Legislature's specific use of the term "any person" shows the Legislature intended to allow for third parties to sue. This is particularly insightful given that a third-party is most affected by an insureds failure to effectuate good faith efforts to settle. The *Hovet* court specifically noted in reaching its decision that, "[a] private right of action for third-party claimants enforces the policy of the Insurance Code, which is to promote ethical settlement practices within the insurance industry." *Hovet*, at ¶ 17. Moreover, the result in *Hovet*, was an attempt by the Court to align its reasoning that a third party can sue under the Insurance Code with the Legislature's enactment of the New Mexico Mandatory Financial Responsibility Act (MFRA) requiring everyone in New Mexico to have insurance to drive an automobile in the State. Given that a driver in New Mexico is required to have insurance, it logically flows that a third party injured in an automobile accident in New Mexico would have the right to sue for unfair settlement practices. *Hovet*, ¶ 19-20 ("Third parties, having claims against drivers who

are insured under compulsory automobile liability policies, are intended beneficiaries of those insurance policies no less than injured employees seeking compensation benefits.")

While Farmers seeks to have this Court enter its order that as a matter of law, Plaintiff is not entitled to punitive damages under *Hovet*, that is in direct contradiction to *Hovet*, which unequivocally states, "although plaintiffs and their amicus curiae ask us to conclude that punitive damages can be recovered for violations of the unfair claims practices section, ***we leave that questions undecided at this time because of the lack of an opportunity for full briefing on this subject.***" *Hovet*, at ¶ 28 (emphasis added). Given that this issue has never been reached by the New Mexico Supreme Court's summary judgment is improper, and certification of this question should be granted.[1] The intangible aspect of damages under *Hovet*, has led to its critique, given that the *Hovet* court did not definitely allow for or deny punitive damages, and the uncertain nature of "actual damages" in New Mexico has further complicated causes of action under *Hovet*. Thomas Giordano-Lascari, *A Third-Party Claimant Becomes an Insured: Hovet v. Allstate and Expanding Right to Sue Under New Mexico's Insurance Code*, 35 N.M. L. Rev. 651-676 (2005)(addressing the damages issues and discovery issues created under *Hovet* claims).

The Court in finding a third party right to sue under the mandates of the Insurance Code but limiting that remedy strictly to actual damages (as Farmers contends) would be in effect given third parties a right without a remedy. Given that under New Mexico law bad faith actions under common law allow for a punitive damage instruction where the evidence supports a finding of (1) failure to pay cases (arising from insureds failure to timely investigate, evaluate, or pay a claim in good faith) (2) failure to settle cases (arising from breach of insured's duty to settle third party claims in good faith). *See In re Sloan v. State Farm Mutual Automobile*

---

[1] Please note Motion for Certification of this question to the Supreme Court of New Mexico has been filed contemporaneously with this Response.

*Insurance Company*, 2004-NMSC-004, 135 N.M. 106, 85 P.3d 230. It would realistically follow that a third party suing an insurance company for bad faith would similarly be entitled to a punitive damages instruction as well. In allowing for a punitive damages jury instruction in insurance bad faith cases arising from common law and those statutory rights has led to the drafting of uniform jury instructions because of the necessity of providing for punitive damages to insurance companies that are acting in bad faith.

"[Punitive damages] are not compensation for injury. Instead, they are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence" *Cooper Indus. V. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432 (2001) *quoting*; *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 54 (O'CONNOR, J., dissenting) ("Punitive damages are specifically designed to exact punishment in excess of actual harm to make clear that the defendant's misconduct was especially reprehensible.") Given that the purpose behind punitive damages is not to compensate the injured party but rather to punish and prevent the offending party from continuing to act in a certain manner.

The allowance of punitive damages in an insurance bad faith claim is to prevent the insurance company, like Farmers from continuing to undervalue and fail to settle third party claims in which liability is reasonably clear. It seems highly unlikely that the Legislature and our Courts given the breadth of case law mandating insurance coverage under MFRA, the right of third party litigates to sue for failure to promptly and in good faith to effectuate settlements, and our public policy trend towards balancing insurers rights of that with the insurance company that our Courts would conclude that a bad faith claim under statute would be precluded from punitive damages when a bad faith claim under common law allows for a punitive jury instruction. Not only is this in direct contradiction to the overarching purpose of punitive

instructions—to deter behavior—it is in direct contradiction of the Insurance Code in allowing for the cause of action in the first place.

Our Courts have noted that TPFA claims are statutory actions with a purpose that promotes "ethical settlement practices within the insurance industry." *Martinez v. Cornejo*, 2009-NMCA-0011, 146 N.M. 223, 208 P.3d 443, 454, *citing Hovet*, 2004-NMSC-010, ¶ 17. Given that the Insurance Code seeks to require ethical considerations by insurance companies dealing with third parties, it seems unlikely that the Legislature and our Courts would not allow for an adequate remedy for breaching those settlement practices in cases of particular bad faith—by way of bad faith. Otherwise, the right created by *Hovet* would be a cause of action that didn't have the teeth necessary to enforce its mandate.

Defendant's narrow reading of "actual damages" as being the exclusive remedy available to Plaintiff under NMSA Section 59A-16-30 (2016), is exactly the same narrow reading our Court of Appeals, cautioned against in *In re Dydek*, 2012-NMCA-088, 288 P.3d 872. "The plain language of *Section 59A-16-30,* which allows recover of 'actual damages,' seems on its face to favor [Defendant's] position. However, such an application would lead to absurd results." *Dydek*, 2012-NMCA-088, ¶ 69. As the Court of Appeals went on to note, "we are certain that our legislature did not intend that protection to depend on the financial circumstances of the insured in each case.

Because the plain meaning here yields results that are absurd, the Court turn looked to our cases describing the policy behind *Section 59A-16-30* to discern its meaning. *Id.* at ¶ 70. The Court of Appeals went on to recognize that, "[a]n application of general damages to preclude recovery of excess judgment directly undermines that purpose by multiplying the avenues, both ethical and unethical, by which an insurer might avoid the consequences of its bad

faith actions." *Id.* Likewise, it seems unlikely that the Legislature and our Courts would allow an insurer to avoid its consequences of bad faith under Section 59A-16-30 by insisting that they are insulated from punitive damages—given that the purpose behind the third party cause of action was to encourage ethical claims practices within the insurance industry. *See Hovet*, 2004-NMSC-010, *see also Dydek*, 2012-NMCA-088.

Moreover, the plain language of the Section 59A-16-30, provides that, "[t]he relief provided in this section is in addition to remedies otherwise available against the ***same conduct under the common law*** or other statutes of this state...." (emphasis added). The statute specifically limits particular claims to exclusive remedies provided by statute—the legislature chose not to do that for third party insured claims. Therefore, the statute does not limit Plaintiff's recovery purely to actual damages, provides that Plaintiff would have remedies available under common law for the same conduct, and our case law which specifically cautions against a narrow reading of the statute leading to absurd results.

Given that if an insured had assigned its rights to a bad faith cause of action against its insured, that third party would have the right to punitive damages under common law bad faith, it seems unlikely that New Mexico Courts would find a distinction in the remedy available to a third party that is suing under 59A-16-30.

### CONCLUSION

Farmers' Motion for Summary Judgment should be denied. Farmers cites to material facts that are in dispute and fails to include relevant material facts. Farmers motion is premature, as discovery is still ongoing, and Farmers' refuses to disclose key information (like the reserves held for Plaintiff's claim). New Mexico Supreme Court has not yet specifically addressed this issue, and in *Hovet*, the seminal case permitting third parties to sue under the TPFA, the Court

specifically stated it was not yet deciding the issue of punitive damages. Moreover, the Courts have previously held a "narrow reading and application" of "actual damages" afforded under Section 59A-16-30, is antithetical to the legislative intent and purpose behind of encouraging ethical claims practices in the insurance industry and would lead to an absurd result. *See Dydek*, 2012-NMCA-088. Plaintiff respectfully requests Farmers' motion be denied.

Respectfully submitted,

By: */s/ Jerome O'Connell*
Jerome O'Connell
Lilley & O'Connell, P.A.
1020 S. Main St.
Las Cruces, NM 88005

David Houliston
Law Office of David M. Houliston
500 Tijeras NW
Albuquerque, NM 87102

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of September 2016, a copy of the foregoing was electronically filed though the CM/ECF system, which caused the following participating CM/ECF counsel to be served with same by electronic means:

Courtenay L. Keller
Riley, Shane & Keller, P.A.
3880 Osuna Road NE
Albuquerque, NM 87109
*Attorney for Defendant*

*/s/ Jerome O'Connell*
Jerome O'Connell